# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MCCLELLAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PAT HEARD, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:10-CV-01389-LJO-DLB (PC)<br><br>ORDER DISMISSING ACTION AS DUPLICATIVE AND DIRECTING CLERK OF COURT TO CLOSE CASE |

Plaintiff Gregory McClellan ("Plaintiff") is an inmate at Lerdo Pretrial Detention Facility proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 4, 2010, with an accompanying motion to proceed in forma pauperis.[1]  Plaintiff attests that he has two pending cases in the Eastern District of California: *McClellan v. Fink, et al.*, 1:10-cv-00208-MJS, and *McClellan v. Kern County Sheriff's Office, et al.*, 1:10-cv-00386-LJO-MJS.  The former concerns Plaintiff's allegations against parole officers who found Plaintiff had violated parole conditions; the latter concerns, *inter alia*, Plaintiff's housing in Lerdo Pretrial Detention Facility with inmates who have HIV and other contagious diseases, like Hepatitis C.  Both of these allegations are made in this action.

"After weighing the equities of the case, the district court may exercise its discretion to

---

[1] Plaintiff has accrued three strikes pursuant to 28 U.S.C. § 1915(g) and is ineligible to proceed in forma pauperis unless he is in imminent danger of serious physical injury. The Court takes judicial notice of the following cases: *McClellan v. Mountain*, 1:08-cv-00256-LJO-GSA PC (dismissed for failure to state a claim on 03/05/2009); *McClellan v. Fink*, 1:08-cv-01326-YNP PC (dismissed for failure to state a claim on 04/01/2009); *McClellan v. Haviland*, 1:07-cv-01607-OWW-SMS PC (dismissed for failure to state a claim on 10/19/2009).

1  dismiss a duplicative later-filed action, to stay that action pending resolution of the previously
2  filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*
3  *v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally
4  have 'no right to maintain two separate actions involving the same subject matter at the same
5  time in the same court and against the same defendants.'" *Id.* (quoting *Walton v. Eaton Corp.*,
6  563 F.2d 66, 70 (3d Cir. 1977) (en banc)). "[A] suit is duplicative if the claims, parties, and
7  available relief do not significantly differ between the two actions." *Id.* at 689.
8        The present action, Case No. 1:10-cv-01389-DLB (PC), is duplicative of Case Nos. 1:10-
9  cv-00208-MJS and 1:10-cv-00386-LJO-MJS. Plaintiff brings the same cause of action,
10 regarding the same issues and factual allegations, in the same court, against the same defendants.
11 The only difference is that Plaintiff's other cases involve more defendants.
12       Accordingly, in light of the duplicative nature of the instant action to the Plaintiff's
13 previously filed actions, the Court HEREBY ORDERS that the instant action is DISMISSED as
14 duplicative and that the Clerk of Court is DIRECTED to close this action.

16                       IT IS SO ORDERED.
17 **Dated:   August 6, 2010**                             /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE